**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**v.**                                    **Case No. 4:12-cr-00239-001 KGB**

**CHARLES EDWARD LOTT**                                             **DEFENDANT**

<u>**ORDER**</u>

By prior Order, the Court found that Mr. Lott currently is suffering from a mental disease

or defect rendering him mentally incompetent to the extent he is unable to understand the nature

and consequences of the proceeding against him or assist properly in his defense (Dkt. No. 36).

Pursuant to 18 U.S.C. § 4241(d), the Court accordingly committed Mr. Lott to the custody of the

Attorney General to determine whether there is a substantial probability that in the foreseeable

future Mr. Lott will attain the capacity to permit the proceedings to go forward (*Id.*).   Following a

psychiatric examination of Mr. Lott completed at the Federal Medical Center in Butner, North

Carolina, the Court determined that Mr. Lott will not attain sufficient capacity to proceed to trial

(Dkt. No. 41).   The Court also has found that Mr. Lott was not competent the day he entered his

guilty plea and granted Mr. Lott's motion to withdraw his guilty plea (*Id.*).

Under 18 U.S.C. § 4246, "if it becomes apparent that the defendant will not attain sufficient

capacity to proceed to trial, a 'dangerousness hearing' is conducted in accordance with the

provisions of 18 U.S.C. § 4246 to determine if the defendant would pose a 'substantial risk of

bodily injury to another person or serious damage to property of another' upon release." *United

States v. Ferro*, 321 F.3d 756, 761 (8th Cir. 2003) (quoting 18 U.S.C. § 4241(d), (d)(1)).   Section

4246(a) states that a "dangerousness hearing" is instituted by the director of the facility in which a

person is hospitalized certifying that the person "is presently suffering from a mental disease or

defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available."   18 U.S.C. § 4246(a).   Accordingly, the Court ordered the director of the Federal Medical Center in Butner, where Mr. Lott had been evaluated previously, to determine whether a certificate of dangerousness should be issued under 18 U.S.C. § 4246 (Dkt. No. 41).

The Court received a report dated July 25, 2014, detailing the forensic evaluation of defendant Charles Edward Lott (Dkt. No. 44).   The report states that "[i]t is our opinion that Mr. Lott is not suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another" (*Id.* at 1).   In other words, the director determined not to issue a certificate of dangerousness under 18 U.S.C. § 4246.

Under 18 U.S.C. § 4248, the federal government is authorized to seek a court order that a person in its custody is "sexually dangerous" and, if so, a civil commitment order.   *United States v. Tom*, 565 F.3d 497, 499 (8th Cir. 2009).   The government is authorized to initiate civil commitment proceedings under § 4248 against three categories of individuals:   "(1) a person committed to its custody because he is suffering from a mental disease or defect rendering him . . . unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; (2) a person against whom all criminal charges have been dismissed solely for reasons relating to the mental condition of the person; (3) a person who is in the custody of the BOP."   *Id.* at 499-500 (alteration in original) (quoting 18 U.S.C. § 4248) (internal quotation marks omitted).   Because the Court committed Mr. Lott to the custody of the Attorney General

under 18 U.S.C. § 4241(d), Mr. Lott falls within the first category, and the government may initiate § 4248 commitment proceedings against Mr. Lott.   *See United States v. Springer*, 715 F.3d 535, 543 (4th Cir. 2013) ("The only statutory precondition for certification is that the person be in the custody of the Bureau of Prisons, be civilly committed as mentally incompetent to stand trial under 18 U.S.C. § 4241(d), or have had all criminal charges against him 'dismissed solely for reasons relating to [his] mental condition.'" (quoting 18 U.S.C. § 4248(a))); *United States v. Savage*, 737 F.3d 304, 306 n.3 (4th Cir. 2013) ("Section 4248(a) also authorizes the Attorney General to certify as a 'sexually dangerous person' anyone 'who has been committed to the custody of the Attorney General pursuant to section 4241(d) . . . .'" (quoting 18 U.S.C. § 4248(a))).

"The civil commitment process [under § 4248] begins when the Attorney General, an individual authorized by the Attorney General, or the Director of the BOP certifies a person as sexually dangerous." *Tom*, 565 F.3d at 499 (citing 18 U.S.C. § 4248(a)).   To certify a person as sexually dangerous, the government must "transmit the certificate to the clerk of the court for the district in which the person is confined."   18 U.S.C. § 4248(a).   The Supreme Court has stated that, "[i]n order to detain such a person, the Government (acting through the Department of Justice) must certify to a federal district judge that the prisoner meets the conditions . . . ."   *United States v. Comstock*, 560 U.S. 126, 130 (2010).   Because the government had not certified Mr. Lott as sexually dangerous at the time the Court directed the Federal Medical Center to conduct the § 4246 examination, the Court did not order the director of the Federal Medical Center to examine whether Mr. Lott is sexually dangerous under § 4248.   Both parties agree that the Federal Medical Center's previous forensic evaluation did not include a § 4248 examination.

The government now certifies, or at least stated in filings with this Court and on the record

3

that it intends to certify pending the outcome of another psychiatric examination, Mr. Lott as sexually dangerous.  "When such a certification is filed, the statute automatically stays the individual's release . . . , thereby giving the Government an opportunity to prove its claims at a hearing through psychiatric (or other) evidence."   *Id.* (citing 18 U.S.C. §§ 4247(b)-(c), 4248(b)).  In other words, upon such a certification, a district court "must initiate a hearing in order to determine whether the individual is in fact sexually dangerous."   *Tom*, 565 F.3d at 500 (18 U.S.C. § 4248(a)); *see United States v. Jeffries*, 615 F.3d 909, 911 (8th Cir. 2010) ("In order to obtain a civil commitment, a hearing must be held and the government must produce clear and convincing evidence that an individual is a sexually dangerous person.").   A district court is authorized, but not required, "to order a psychiatric examination of the individual."   *Tom*, 565 F.3d at 500 (citing 18 U.S.C. § 4248(b)).

The government requests that the Court exercise its discretion to order another psychiatric examination of Mr. Lott, this time to examine under § 4248 whether Mr. Lott is sexually dangerous.   Mr. Lott objects to the need for another examination and hearing and to the government's request for conditions to be imposed on his release.   Mr. Lott also takes issue with the government's delay in certifying Mr. Lott as sexually dangerous.   The Court grants the government's request, in part because the Court does not have before it an expert opinion specifically determining whether Mr. Lott is sexually dangerous.   *See United States v. Martin*, No. CR 08-1012 JB, 2011 WL 5220310, at *17-19 (D.N.M. Sept. 27, 2011) (ordering a § 4248 examination despite already having received a report on a § 4246 examination).

Pursuant to 18 U.S.C. § 4248(b), the Court orders an immediate examination of Mr. Lott to determine whether he is sexually dangerous.   The examination is to be conducted pursuant to the

4

provisions of 18 U.S.C. § 4247(b) and (c).   Based on sealed exhibits introduced by the parties at the hearing before this Court, it appears that this examination may not require Mr. Lott to be transported.   In the event Mr. Lott is required to be transported for this examination, Mr. Lott is committed to the custody of the Attorney General for immediate transport to a suitable facility if and when such transport is required.   18 U.S.C. § 4247(b).   The commitment period for this examination must last for only a reasonable period of time, not to exceed 45 days.   *Id.*

IT IS SO ORDERED this 28th day of August, 2014.


_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE